**Electronically Filed**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.  5:17-cv-164-TBR**

THE CITY OF MAYFIELD, KENTUCKY,

THE ELECTRIC PLANT BOARD OF MAYFIELD, KENTUCKY,
d/b/a MAYFEILD ELECTRIC AND WATER SYSTEMS                      PLAINTIFFS

v.

PADUCAH & LOUISIVLLE RAILWAY, INC.,

OMEGA RAIL MANAGEMENT, INC.                                    DEFENDANTS

**NOTICE OF REMOVAL**

Come the Defendants, Paducah & Louisville Railway, Inc. ("P&L") and Omega Rail Property Management, Inc. ("Omega Rail")  jointly by counsel and pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, of the Federal Rules of Civil Procedure, and the Local Rules for the Western District of Kentucky, and hereby file this Notice of Removal removing this case from the Commonwealth of Kentucky, Graves County Circuit Court (Civil Action No. 17-CI-364) to the United States District Court for the Western District of Kentucky, Paducah Division. The Defendant states as follows in further support of this Notice of Removal.

1. Plaintiffs, the City of Mayfield and the Electric Plant Board of Mayfield ("Plaintiffs"), filed a Complaint in the Circuit Court of Graves County, Kentucky, on September 25, 2017. This is a condemnation action in which Plaintiffs seek to condemn three easements for the purpose of constructing sewer bores on and under property owned by P&L. Omega Rail is an independent contractor of P&L providing rail management services. Plaintiffs appear to be proceeding against the Defendants under state eminent domain law.

**Electronically Filed**

2. P&L was served with process on or about October 2, 2017. Process was served on P&L through the McCracken County Sheriff. Omega Rail was served on October 11, 2017. This Notice of Removal is timely filed within 30 days of Defendants' receipt of Plaintiffs' Complaint and accompanying Summons. *See* 28 U.S.C. § 1446(b).

3. As set forth below, removal is proper because Plaintiffs' condemnation cause of action invokes federal question subject matter jurisdiction as the Interstate Commerce Commission Termination Act ("ICCTA") fully preempts the state and local regulation of matters regulated by the Surface Transportation Board ("STB"), such as the construction, operation, abandonment, and condemnation of rail lines. *See* 49 U.S.C. 10501(b).

4. Plaintiffs' complaint raises issues of whether the Plaintiffs can take the subject property interests of P&L amid track safety and operational concerns, which are in the exclusive purview of the STB.

5. The Surface Transportation Board distinguishes two types of actions that may be preempted by the ICCTA: actions that are categorically preempted and actions that are preempted as-applied. The Sixth Circuit has adopted the as-applied analysis to railroad crossings. *Adrian & Blissfield R.R. Co. v. Village of Blissfield*, 550 F.3d 533, 541 (6th Cir. 2008). "As-applied preemption covers state or local actions according to a factual assessment of whether that action would have the effect of preventing or unreasonably interfering with railroad transportation." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321 (5th Cir. 2008). As-applied ICCTA preemption may apply to nonconflicting, nonexclusive easements if they "hinder rail operations or pose safety risks." *See City of Lincoln v. Surface Transp. Bd.*, 414 F.3d 858, 863 (8th Cir. 2005).

6. P&L believes that the Plaintiffs' proposed condemnation action will impede rail

**Electronically Filed**

operations and pose undue safety risks as-applied to this distinct property.

7. For these reasons, the Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because federal question subject matter jurisdiction exists as to whether Plaintiffs' requested relief by way of invoking Kentucky's eminent domain condemnation power over a rail line is preempted under the ICCTA when the proposed condemnation raises operational and safety concerns with the subject rail line.

8. Pursuant to 28 U.S.C. § 1441(a) venue is proper in the Western District of Kentucky, Paducah Division, as the district and division embracing Graves County, Kentucky.

9. Both defendants consent to the removal of this action.

10. Pursuant to 28 U.S.C. § 1446(a), a copy of the process and Complaint served on the Defendants are attached to this Notice of Removal as **Exhibit A**. Additionally, the Defendants' Joint Answer to Plaintiffs' Complaint is attached as **Exhibit B**.

11. Pursuant to 28 U.S.C. § 1446(d), the Defendant will promptly provide a copy of this Notice of Removal to Plaintiff and will file the same with the Graves County Circuit Court.

WHEREFORE, the Defendant, P&L, hereby removes this case to federal court.

    Respectfully submitted,

    BRADLEY, FREED & GRUMLEY, P.S.C.

    By: s/L. Miller Grumley
    L. Miller Grumley
    Adam M. Riley
    1634 Broadway, P.O. Box 1655
    Paducah, Kentucky 42002-1655
    Tel: (270) 443-0040
    Fax: (270) 575-5498
    mgrumley@kentuckylawyers.com
    ariley@kentuckylawyers.com
    ***Counsel for Defendant P&L Railway, Inc. and Omega Rail Management, Inc.***

**Electronically Filed**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and was additional mailed, postage prepaid, to the following on this the 23th day of October, 2017:

Hon. Rebecca P. Biehslich
Gearin Whitledge, PLLC
309 Carr Street
P.O. Box 1557
Fulton, KY 42041
(270) 472-5500
*Counsel for Plaintiffs*

                                                                           s/L. Miller Grumley
                                                                          L. Miller Grumley